### THOMAS L. REYNOLDS CO. v. TOCH.

(Supreme Court, Appellate Term. January 27, 1910.)

BROKERS (§ 60*)—COMMISSIONS—FAILURE TO PROCURE CONTRACT.

A broker is not entitled to a commission promised for securing an exchange of his real estate of T., his principal, though most of the terms of an exchange were agreed on; no contract being signed because of the other party to the exchange refusing to take the property subject to certain violations, and T. refusing to make a deposit as indemnity against the violations, so that the minds of the parties did not meet on all the terms of an exchange, it being immaterial that the violations may have been small.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Thomas L. Reynolds Company against Joseph Toch. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Leon Lewin, for appellant.

John P. Everett, for respondent.

PER CURIAM. Action for broker's commissions. Assuming that defendant's wife was holder of the fee of premises to be exchanged and that defendant either individually or on her behalf promised to pay a brokerage of $400, and further assuming that the price and most of the terms had been agreed upon, the undoubted fact remains that no contract was signed, for the reason that the other party to the exchange would not take Mrs. Toch's property subject to certain violations, and Mr. Toch would not agree to deposit $500 or $200 as indemnity against said violations. It is of no consequence whether the violations were great or small. It is of no consequence that, whatever the violations were, the minds of the parties did not meet upon all the terms of an exchange, of which these violations were deemed by the parties to be an important part. It follows that plaintiff failed to establish his cause of action, and that the judgment in his favor was erroneous and must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.